UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Maria de Los Angeles Prudencio Trejo,<br><br>Plaintiff,<br><br>-v-<br><br>Blanca's Bakery & Deli Inc. and Abner Guevara Sorto, an individual,<br><br>Defendants. | 2:23-cv-6063<br>(NJC) (JMW) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On April 2, 2024, Maria de Los Angeles Prudencio Trejo ("Prudencio Trejo") filed a Second Amended Motion for Default Judgment against Defendant Blanca's Bakery & Deli Inc. ("BBD") and Defendant Abner Guevara Sorto ("Sorto," and collectively "Defendants"). (Am. Mot. Default J. ("Mot."), ECF No. 10.) On January 8, 2025, Magistrate Judge James M. Wicks issued a Report and Recommendation (the "R&R") recommending that Prudencio Trejo's Second Amended Motion for Default Judgment be granted. (R&R, ECF No. 11.) A copy of the R&R was filed electronically on January 8, 2025, and Prudencio Trejo was directed to serve copies of the R&R on Defendants and file proof of service by January 10, 2025. (*See id*. at 44.) On February 19, 2025, Magistrate Judge Wicks noted Prudencio Trejo's failure to file proof of service of the R&R on Defendants and ordered that proof of service be filed by February 21, 2025. (Elec. Order, Feb. 19, 2025.) On February 21, 2025, Prudencio Trejo filed proof of service indicating she served Defendants with a copy of the R&R that same day. (ECF No. 12.)

The R&R instructed that any objections to the R&R must be submitted in writing to the Clerk of Court within fourteen (14) days of service. (R&R at 33.) Because the Defendants have

not appeared in this action and service was completed on February 21, 2025, the period to file objections ran through March 7, 2025.

The date for filing any objections has thus expired, and no party has filed an objection to the R&R. In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no objections are filed, a district court reviews a report and recommendation for clear error. *King v. Paradise Auto Sales I, Inc.*, No. 15-cv-1188, 2016 WL 4595991, at *1 (E.D.N.Y. Sept. 2, 2016) (citation omitted); *Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

Because a motion for default judgment is dispositive, and because no party has filed timely objections to the R&R, I may review the R&R for clear error. *King*, 2016 WL 4595991, at *1. Nevertheless, I reviewed the R&R *de novo* out of an abundance of caution. Having reviewed the motion papers, the applicable law, and the R&R, I adopt the thorough and well-reasoned R&R (ECF No. 18) with the following corrections to address (1) Prudencio Trejo's entitlement to spread-of-hours pay under the New York Labor Law ("NYLL"), (2) the calculation of her damages for spread-of-hours pay under the NYLL, and (3) the calculation of her damages for unpaid overtime wages under the NYLL.

**I.   Prudencio Trejo Is Entitled to Spread-of-Hours Pay Under the NYLL**

The R&R recommended that I find that Prudencio Trejo "is not entitled to recover for any spread of hours compensation" because her hourly rate exceeded the relevant minimum wage rate. (R&R at 32.) This recommendation, however, is based on the assumption that "an employee under the NYLL may not collect spread of hours compensation where his or her hourly rate exceeds the applicable minimum wage rate." (*Id.*) As of January 1, 2011, the NYLL

2

provides that "*all employees in restaurants* . . . , regardless of a given employee's regular rate of pay," are entitled to "one additional hour of pay at the basic minimum hourly rate" when they work a spread of hours in excess of ten hours in one day. N.Y. Comp. Codes R. & Regs. tit. 12 § 146-1.6(a), (d) (emphasis added). The NYLL broadly defines "restaurant" as "any eating or drinking place that prepares and offers food or beverage . . . ." *Id.* § 146-3.1(b). Here, Prudencio Trejo was employed "as a cook, dishwasher, and cashier" at Defendant BBD, "a bakery and deli," where she "r[a]ng[] up order[s], serv[ed] customers, preapr[ed] food, cook[ed], and wash[ed] dishes," among other things. (Compl. ¶¶ 7, 14.) These facts establish that Prudencio was an employee at a restaurant. Accordingly, Prudencio Trejo is entitled to spread-of-hours pay under the NYLL even though her hourly rate exceeded the minimum wage. *See* N.Y. Comp. Codes R. & Regs. tit. 12 § 146-1.6(d).

**II. Calculation of Spread-of-Hours Damages and Liquidated Damages for Unpaid Spread-of-Hours Pay Under the NYLL**

With respect to damages for her spread-of-hours claim, Prudencio Trejo is owed "one additional hour of pay at the basic minimum hourly rate" for each day she worked a spread of hours in excess of ten hours. N.Y. Comp. Codes R. & Regs. Tit. 12 § 146-1.6(a). "The spread of hours is the length of the interval between the beginning and end of an employee's workday." *Id.* § 146-1.6.

Prudencio Trejo argues that she is entitled to spread-of-hours pay because she "worked 7 days per week, and always worked more than 10 hours per shift." (Mot. at 4.) A proposed damages calculations spreadsheet ("Spreadsheet") was submitted as an exhibit to the declaration of Prudencio Trejo's counsel, Raymond Nardo ("Nardo"). (Nardo Decl. Ex. 1 ("Spreadsheet"), ECF No. 10-2.)

Nardo attests that the calculations in the Spreadsheet are based on the Complaint's

3

allegations and facts set forth in Prudencio Trejo's declaration. (Nardo Decl. ¶ 6; *see also* Compl., ECF No. 1; Prudencio Trejo Decl., ECF No. 8-1.)[1] In her declaration, Prudencio Trejo attests that she "worked 7 days per week" for the duration of her employment with Defendants. (Prudencio Trejo Decl. ¶ 3.) Prudencio Trejo attests that, during the periods of July 2021[2] through July 2022 and February 2023 through June 22, 2023, she worked from "approximately 3:00am to 4:00pm," meaning her spread of hours each workday during these two time periods was 13 hours. (*Id.*) She also attests that from October 2022 through January 2023, she worked "from 3:00am to 8:00pm," meaning her spread of hours during this period was 17 hours per workday. (*Id.*) Prudencio Trejo attests that the restaurant was closed in August and September 2022.[3] (*Id.*) Accordingly, Prudencio Trejo is entitled to one additional hour of pay at the relevant minimum wage for every workday from July 2021 through June 22, 2023, except for days during August and September 2022.

The Spreadsheet correctly states the periods of time Prudencio Trejo worked for Defendants but appears to base the amount of unpaid spread-of-hours pay and overtime wage

---

[1] Prudencio Trejo's declaration was filed as an attachment to her first motion for default judgment (ECF No. 8) and the same declaration was filed as an attachment to her amended motion for default judgment (ECF No. 9). (*See also* Prudencio Trejo Decl., ECF No. 8-1; Prudencio Trejo Decl., ECF No. 9-1.) Her declaration was not filed as an attachment to the instant second amended motion for default judgment. (*see generally* Mot.)

[2] Except for her final day of employment, June 22, 2023, Prudencio Trejo does not attest to specific dates she worked, instead she attests to months (e.g., "July 2021"). (Prudencio Trejo Decl. ¶¶ 2–3.) The Spreadsheet, however, does indicate that Prudencio Trejo worked every day during each month she attests to working for Defendants. (Spreadsheet.)

[3] Prudencio Trejo does not attest to working any days in either August or September 2022, when the restaurant was closed, and the Spreadsheet indicates that she is not seeking damages for unpaid spread-of-hours pay or unpaid overtime for any days in either month. (Prudencio Trejo Decl. ¶ 3; Spreadsheet.)

4

damages to which Prudencio Trejo is entitled on the number of *weeks*, rather than days, during which Prudencio Trejo worked for Defendants. (Spreadsheet; *see also* Prudencio Trejo Decl. ¶ 3.) This method slightly understates the amount of spread-of-hours damages to which Prudencio Trejo is entitled.

The Spreadsheet also miscalculates the spread-of-hours pay to which Prudencio Trejo is entitled for workdays during the July 1, 2021 to December 31, 2021 time period by applying the incorrect minimum wage rate. (*See id.*) The minimum wage rate for Nassau County in 2021 was $14.00 per hour. N.Y. Comp. Codes R. & Regs. Tit. 12 §§ 146-1.2(a)(1)(ii). The Spreadsheet calculated both Prudencio Trejo's spread-of-hours pay and overtime wage damages using a $15.00 minimum wage rate for all periods of her employment. (Spreadsheet.) However, the minimum wage rate for Nassau County was not raised to $15.00 until *after* December 31, 2021. N.Y. Comp. Codes R. & Regs. Tit. 12 §§ 146-1.2(a)(1)(ii). The Spreadsheet uses the correct minimum wage rate for Prudencio Trejo's spread-of-hours damages for the remaining periods of her employment, all of which occur after 2021. (*See* Spreadsheet; Prudencio Trejo Decl. ¶ 3.)

Based on the dates of Prudencio Trejo's employment supplied in the Spreadsheet, she worked 184 days during 2021, when the applicable minimum wage was $14.00, and 477 days in 2022 and 2023 when the applicable minimum wage was $15.00. (*See* Prudencio Trejo Decl. ¶ 3.) Prudencio Trejo is therefore entitled to $2,576.00 (184 days times $14.00) in unpaid spread-of-hours pay for 2021 and $7,155.00 (477 days times $15.00) for 2022 and 2023, combined. In total, Prudencio Trejo is entitled to $9,731.00 in unpaid spread-of-hours pay. These corrected calculations are set forth in Appendix I.

Additionally, because the I adopt the R&R's recommendation that Prudencio Trejo is entitled to liquidated damages under NYLL in light of Defendants' failure to demonstrate good

5

faith by defaulting in this action, Prudencio Trejo is also entitled to $9,731.00 in liquidated damages for unpaid spread-of-hours pay. (*See* R&R at 39.)

### III.  Overtime Pay Damages and Liquidated Damages Under the NYLL

In Appendix I, the Court corrects Prudencio Trejo's calculations so that damages and liquidated damages for unpaid overtime are based on days worked, rather than weeks. Based on the corrected calculations, Prudencio Trejo is owed $81,745.36 in unpaid overtime and $81,745.36 in liquidated damages for unpaid overtime. *See* Appendix I.[4]

### CONCLUSION

Accordingly, I grant Prudencio Trejo's Motion for Default Judgment (ECF No. 11) in full. I award Prudencio Trejo the following, with liability being joint and several as between Defendant BBD and Defendant Sorto:

(i)   Unpaid overtime wages under the NYLL in the amount of $81,745.36;

(ii)  Liquidated damages for unpaid overtime wages under the NYLL in the amount of $81,745.36;

(iii) Unpaid spread-of-hours pay under the NYLL in the amount of $9,731.00;

(iv)  Liquidated damages for the unpaid spread-of-hours pay under the NYLL in the

---

[4] Prudencio Trejo calculates her damages and liquidated damages for unpaid overtime by using $15.00 per hour as her regular rate of pay. (Spreadsheet.) For an employee in the hospitality industry who is not paid a regular hourly rate of pay, the "regular hourly rate of pay shall be calculated by dividing the employee's total weekly earnings . . . by the lesser of 40 hours or the actual number of hours worked by that employee during the work week." N.Y. Comp. Codes R. & Regs. Tit. 12 §§ 146-3.5(b). Based on the attestations in her declaration, it appears that, under this regulation, Prudencio Trejo's regular rate of pay may have been $25.00 per hour ($1,000 per week divided by 40 hours) during each of the time periods during which she worked for Defendants. (*See* Prudencio Trejo Decl. ¶¶ 2–3, 6.) Nevertheless, because Prudencio Trejo has only requested damages and liquated damages calculated using $15.00 per hour as her regular rate of pay, the Court will only an amount for damages and liquidated damages based on the $15.00 regular rate of pay set forth in Prudencio Trejo's submissions.

6

      amount of $9,731.00;

(v)      Litigation costs in the amount of $402.00; and

(vi)     Prejudgment interest on the unpaid overtime wages amount of $81,745.36 and unpaid spread-of-hours pay amount $9,731.00 at the rate of 9% per year for the period from June 26, 2022 through the date of entry of judgment.

The Clerk of Court shall enter judgment and close this case.

Dated: Central Islip, New York  
March 19, 2025

                                              /s Nusrat J. Choudhury  
                                              NUSRAT J. CHOUDHURY  
                                              United States District Judge

## APPENDIX I

| Period Start Date | Period End Date | # of Days Worked | # Weeks Worked[5] | Hours Per Week[6] | Actual Weekly Pay[7] | Overtime Rate[8] | Weekly Pay with Overtime Pay[9] | Weekly Underpay[10] | Unpaid Overtime Wages[11] | Unpaid Spread-of-Hours Pay Owed[12] |
|---|---|---|---|---|---|---|---|---|---|---|
| 7/1/2021 | 12/31/2021 | 184 | 26.29 | 91 | $1,000.00 | $22.50 | $1,747.50 | $747.50 | $19,648.57 | $2,576.00 |
| 1/1/2022 | 7/31/2022 | 212 | 30.29 | 91 | $1,000.00 | $22.50 | $1,747.50 | $747.50 | $22,638.57 | $3,180.00 |
| 10/1/2022 | 12/31/2022 | 92 | 13.14 | 119 | $1,000.00 | $22.50 | $2,377.50 | $1,377.50 | $18,104.29 | $1,380.00 |
| 1/1/2023 | 2/1/2023 | 32 | 4.57 | 119 | $1,000.00 | $22.50 | $2,377.50 | $1,377.50 | $6,297.14 | $480.00 |
| 2/2/2023 | 6/22/2023 | 141 | 20.14 | 91 | $1,000.00 | $22.50 | $1,747.50 | $747.50 | $15,056.79 | $2,115.00 |
|  | **Totals:** | **661** |  |  |  |  |  |  | **$81,745.36** | **$9,731.00** |

---

[5] The number of weeks worked is calculated by dividing the number of days worked by seven days because Prudencio Trejo attests that she worked seven days per week for Defendants. (Prudencio Trejo Decl. ¶ 3.)

[6] Prudencio Trejo attests to the hours per week set forth in this column. (*See* Prudencio Trejo Decl. ¶¶ 2–3.)

[7] Prudencio Trejo attests to her actual weekly pay as set forth in this column, and these amounts are also alleged in the Complaint. (*Id.* ¶ 6; Compl. ¶ 10.)

[8] The "overtime rate" in this column is calculated by multiplying the regular rate of pay Prudencio Trejo uses for her damages calculation ($15.00 per hour), by 1.5. *See supra* note 4.

[9] The "weekly pay with overtime pay" amount set forth in this column is calculated by adding together Prudencio Trejo's regular pay (the product of her regular rate of pay ($15.00 per hour) and 40 hours per week) and the overtime wages she was owed (the product of the number of hours per week she worked in excess of 40 hours and the overtime rate ($22.50 per hour)).

[10] The "weekly underpay" amount set forth in this column is calculated by subtracting the amount in the "actual weekly pay" column from the amount in the "weekly pay with overtime pay" Column.

[11] The amount of "unpaid overtime wages" set forth in this column is calculated by multiplying the number of weeks worked by the amount in the "weekly underpay" column.

[12] The amount of "unpaid spread-of-hours pay owed" set forth in this column is calculated by multiplying the minimum wage rate by the number of days Prudencio Trejo worked. The minimum wage rate in Nassau County was $14.00 per hour in 2021 and $15.00 per hour in 2022 and 2023. N.Y. Comp. Codes R. & Regs. Tit. 12 §§ 146-1.2(a)(1)(ii).